

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# NLRB v. Alandco Dev Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3787

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"NLRB v. Alandco Dev Corp" (2005). *2005 Decisions.* Paper 1195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3787

———

NATIONAL LABOR RELATIONS BOARD

Petitioner

v.

ALANDCO DEVELOPMENT CORP., d/b/a SENIOR CARE AT THE FOUNTAINS

Respondent

———

Application for Enforcement of An Order
of the National Labor Relations Board
(No. 4-CA-31269)

———

Submitted Under Third Circuit LAR 34.1(a)
Date: May 13, 2005

Before: SLOVITER, FISHER and ALDISERT, Circuit Judges

(Filed May 13, 2005)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

The National Labor Relations Board files an application for enforcement of its order affirming the Administrative Law Judge's ("ALJ's") decision. The ALJ held that Alandco Development Corporation (the "Company") violated § 8(a)(1) of the National Labor Relations Act (the "Act") by interfering with its employees' rights to organize and engage in union activities. 29 U.S.C. § 158(a)(1) (2000).

The Company operates an assisted living and residential care facility in New Jersey. The United Food & Commercial Workers Union sought to represent the Company's employees and an election was held. The first election was set aside and a second election was scheduled. During the course of the Union campaign, there is evidence that the Company restricted its employees' access to its facilities, interrogated two employees, told employees that an administrator wanted them terminated because of their Union support and sang a song conveying that employees should either vote against the Union or go work at a unionized facility. The ALJ determined that this established a violation of § 8(a)(1) and the Board affirmed with some modifications.

On appeal, we must decide whether the Board's unfair labor practice findings are supported by substantial evidence. We have jurisdiction pursuant to 29 U.S.C. § 160(e). We will grant the Board's application for enforcement of its order.

I.

Because we write only for the parties, who are familiar with the facts, procedural

history and contentions presented, we will not recite them except as necessary to our discussion.

## II.

Section 7 of the Act guarantees employees "the right to self-organization, to form, join or assist labor organizations, . . . and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . . " 29 U.S.C. § 157. Section 8(a)(1) of the Act implements that guarantee by making it an unfair labor practice for employers to "interfere with, restrain, or coerce employees in the exercise of [their § 7] rights." 29 U.S.C. § 158 (a)(1).

We review the Board's factual findings under the substantial evidence standard. 29 U.S.C. § 160(e). "[A] reviewing court must recognize the Board's competence in the first instance to judge the impact of utterances made in the context of the employer-employee relationship." N.L.R.B. v. Gissel Packing Co., 395 U.S. 576, 620 (1969). Whether an employer's conduct is coercive within the meaning of § 8(a)(1) of the Act is a question of fact best left to the specialized expertise of the Board. See N.L.R.B. v. Pizza Crust Co. of Penn., Inc., 862 F.2d 49, 51 (3d Cir. 1988). Additionally, the resolution of issues of credibility is not for the reviewing court. N.L.R.B. v. Buitoni Foods Corp., 298 F.2d 169, 171 (3d Cir. 1962).

### III.

When we examine the facts against the foregoing precepts, we conclude that substantial evidence supports the Board's determination. The facts tell a story of coercion and threat. The Company had a rule barring employees from the facility until ten minutes before the start of their shift or ten minutes after the end. The Company contends that the policy was implemented to prevent socializing between employees. The Board, however, found that the Company strictly enforced the rule only during the Union's campaign before the election and not at other times. The Board credited the testimony of Juanita Joyce and Jennifer Copeland to support this finding.

Next, there is evidence that Jack Wiener, an administrator, approached employees Juanita and Grace Joyce while they were sitting in a car in the parking lot prior to the start of their shift. He made accusatory complaints about pro-union postings, used a vulgarity and shook their car. This course of conduct against the sisters was coercive.

Director Sharon Gossner, on about fifty occasions, sang aloud in front of employees the rhyme, "Vote No, No, No or St. Mary's is the Place to Go." St. Mary's was a comparable health care facility. We have no difficulty in concluding that a manager's suggestion that employees who want a Union should find work elsewhere violates the Act. See N.L.R.B. v. Gravure Packaging, Inc., 321 NLRB 1296, 1303 (1996) ("A suggestion that union supporters should quit coveys the impression that such support is incompatible with continued employment and implicitly threatens discharge."). There

is also evidence that Gossner, the night before the election, sang "If you vote for the Union, you wo[]n't have a job on Monday."

Finally, there is evidence that food service directors Mitchell and Fisher separately told pro-Union employees that Wiener wanted to get rid of them. The Board reasonably chose to credit the specific testimony of some witnesses over others. Accordingly, there is substantial evidence to support the Board's factual findings.

\* \* \* \* \*

We have considered all contentions of the parties and conclude that no further discussion is necessary. The Board's application for enforcement of its order will be granted.